18905

Robert C. WASSON, Chairman, James A. Calhoun, Jr., Wyatt E. Durham, being Members and Constituting the South Carolina Tax Commission, Appellant, v. James E. MAYES, W. C. Plowden, Jr., John C. B. Smith, W. D. Tinsley, Hubert E. Nolin, D. Glenn Yarborough and John K. Schipman, Jr., Being Members and Constituting the Tax Board of Review; and B. C. Moore and Sons, Inc., of whom B. C. Moore and Sons, Inc., ·is the Respondent.

(167 S. E. (2d) 304)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. West, Holland & Furman,* of Camden, *for Respondent, B. C. Moore and Sons, Inc.,*

April 16, 1969.

Bussey, Justice.

The respondent, B. C. Moore and Sons, Inc., is the operator of a chain of some sixty retail stores, thirty-one of which were located in various towns in South Carolina at the beginning of the year 1967. At issue in this litigation is the valuation of its inventories for the purpose of *ad valorem* taxes for the year 1967.

The respondent made a return to the appellant Tax Commission as required by statute. The reported inventories were reviewed by agents of the appellant, and a substantial increase in valuations was approved by the Commission after a hearing. Respondent then appealed to the Tax Board of Review, which Board set aside the increased valuations, find-

ing that the respondent had returned its inventories "at a fair market value figure". The appellant Commission then sought a review of the action of the Tax Board of Review by petition for a *writ of certiorari* to the court of Common Pleas, and the appeal here is from an order of the court, after a hearing, denying the relief sought by the appellant.

At the outset, it may be well to set forth the provisions of the Constitution and the statute which control the valuation of property for the purpose of *ad valorem* taxes. Article III, Section 29 of the Constitution reads:

"Taxes laid upon actual assessed value.—All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an ssessment made for the purpose of laying such tax."

Section 65-1648, 1962 Code Supplement, contain the following:

"All property shall be valued for taxation at its true value in money which in all cases shall be held to be the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed as to the uses and purposes for which it is adapted and for which it is capable of being used."

Factually, the controversy arises out of the following. Respondent's operations have been supervised and/or controlled for years with respect to matters of accounting, inventory, taxes, etc. by one of the top three national accounting firms. Its inventory control for the purpose of income taxes, fire insurance, internal control and *ad valorem* taxes has been maintained under an accepted accounting system generally known as "cost or market, whichever is lower." Under this system, when annual inventories are taken all recently purchased items of merchandise are valued at cost, while articles which are obsolete, shopworn, etc. are appraised at their actual values by a team of appraisers within respondent's organization, who are familiar with

the various store departments and the items sold therein. The values of the inventories of the several stores, as returned by the respondent, were arrived at under this system.

The record discloses that the Commission followed the practice of arriving at valuation of mercantile inventories by taking the actual cost of such wherever adequate cost records were readily available. In the instant case adequate cost records were not readily available and the Commission, in arriving at its valuations, followed what was described as the "gross profit complement method", which method is used by the Commission whenever adequate cost records are not readily available. The difference between the valuations arrived at by the taxpayer and those of the Commission, results from the different approaches to the ultimate objective of determining the true value in accordance with the statutory provision.

In our view, a proper disposition of this appeal does not require a detailed discussion of the evidence, the relative merits of different accounting systems, or a discussion and decision of all of the questions argued by counsel. We do not understand the Commission to challenge any finding of fact by the Tax Board of Review for lack of supporting evidence, or otherwise. The gravamen of the appeal is stated in appellant's question three, as follows:

"3. Was the valuation of the Tax Board of Review of the respondent's inventories for 1967 invalid for lack of equality and uniformity and therefore beyond its jurisdiction because the valuation was fixed upon the lesser of the original costs or wholesale market of the respondent's inventories when the value of the inventories of other merchants in South Carolina was fixed upon the original costs of the same to such other merchants?"

The stated question is predicated on the provision of Article X, Section 1 of the Constitution for "a uniform and equal rate of assessment and taxation." To state the contention of the appellant somewhat differently, it is ar-

gued that the constitutional provision required the Tax Board of Review to conform the valuation of inventories of the respondent, regardless of the true value, to the valuations placed upon the inventories of other merchants by the Commission. We think the contention is clearly untenable. No case in point has been cited in support of such contention and we know of none. Research on our part shows, however, that such a contention has been made and rejected in other jurisdictions.

In the Virginia case of *Tuckahoe Woman's Club v. City of Richmond,* 199 Va. 734, 101 S. E. (2d) 571 (1958) the tax assessor by use of a formula applied to the property there involved, and all similar property, arrived at a valuation in excess of the fair market value of the property. In speaking of the uniform and equal provision of the Virginia Constitution, the court said,

"But that does not mean that property in any taxing jurisdiction may be assessed in excess of and without relation to its fair market value as required by the Constitution."

In *Rogers v. Pike County Board of Sup'rs* 288 Ky. 742, 157 S. W. (2d) 346 (1941), the Supreme Court rejected the same contention made by the Commission here. We quote from the opinion,

"But this Court has never held, so far as we are aware, that property may be assessed for taxation *beyond* its true value in order to obtain such equality. Indeed, to do so would violate the true intent and purpose of Section 172 of the Constitution requiring that all property not exempted from taxation by the Constiution shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale."

In *Werner v. Riebe,* 70 N. D. 533, 296 N. W. 422, 156 A. L. R. 1254 (1941), the Supreme Court of North Dakota rejected the contention now made by the Commission. We quote the following from the opinion,

"If it be that other property in the same taxing district have been overvalued, such overvaluation may not be used to justify an overvaluation of the petitioner's property under the guise of discrimination. If the taxing authorities have performed their statutory duty with respect to other property in the taxing district and have assessed it at its true value, there can be no discrimination in also assessing the petitioner's property at its true value."

The task of checking the inventory returns of thousands of merchants and arriving at the true values of such inventories in accordance with the applicable constitutional and statutory provisions is, admittedly, a most tedious and difficult one. Absolute accuracy with respect to valuation and complete equality and uniformity are not practically attainable. Whether the inventories of any other merchants have or not been correctly valued is a question which is neither pertinent nor necessary to a decision of this appeal. The appeal can properly be disposed of by deciding, as we do, that constitutional provision as to equality and uniformity did not require the Tax Board of Review to overvalue the inventories of the respondent. It follows that the Tax Board of Review did not, as contended by the Commission, exceed its jurisdiction.

The judgment of the lower court is, accordingly, in result,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.